UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ROBERTO I. LOPEZ,

        Petitioner,

                                    Case No. 24-cv-483-pp

    v.

WARDEN LIZZIE TEGELS,

        Respondent.

---

**ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH THE COURT'S ORDER AND DENYING AS MOOT PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 4)**

---

On April 22, 2024, the petitioner filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254. Dkt. No. 1. Although the petitioner did not use the court's official form and the petition did not state where the petitioner is incarcerated, the envelope in which the petition arrived showed a return address of Jackson Correctional Institution. Dkt. No. 1-2.

On April 23, 2024, the clerk's office sent a letter, advising the petitioner that "[t]he fee for filing a 28:2254 Petition for Writ of Habeas Corpus (State) is $5. If you are unable to pay the filing fee, you may file a Request to Proceed in District Court Without Prepaying the Filing Fee (form enclosed) together with a certified copy of your institutional trust account statement for the past six months." Dkt. No. 2. The letter explained that the petitioner "<u>must</u> submit either the filing fee or [his] request and certified trust account statement within 21 days of the date of this letter" and that "<u>[f]ailure to comply . . . may result in the Court's dismissal of your case without further notice</u>." Id. (emphasis in

1

original). The clerk's office mailed the letter to the petitioner at Jackson Correctional Institution.

On May 28, 2024, the court issued an order observing that "[m]ore than twenty-one days ha[d] passed since the clerk's office sent the letter and the court ha[d] not received from the petitioner the $5 filing fee or a request to proceed without prepaying the fee." Dkt. No. 3 at 2. The court explained that "[t]he clerk's office's letter has not been returned to the court as undeliverable, and the Wisconsin Department of Corrections locator web site shows that the petitioner remains incarcerated at Jackson Correctional." Id. (citing https://appsdoc.wi.doc/lop/details/detail DOC #00327809). Observing that "[t]he court ha[d] no reason to believe that the petitioner did not receive the letter," the court ordered that by the end of the day on June 21, 2024, the petitioner must either pay the fee or file a request to proceed without prepaying the fee. Id. The court also ordered the petitioner to "file an amended petition using the court's standard form for §2254 *habeas* petitions," given that the "original petition lack[ed] some of the information necessary for the court to assess whether the petitioner might have a cognizable claim for relief under §2254." Id. (citing Civil Local Rule 9(a) (E.D. Wis)) ("All persons . . . petitioning for release from custody under . . . 28 U.S.C. §2254 . . . must file their . . . petition . . . with the Clerk of Court using forms available from the Court."). The court warned the petitioner that if it did "not receive either the $5 filing fee or the petition and affidavit to proceed without prepayment by the end of the day on **June 21, 2024**, the court w[ould] dismiss the petition the next business day without further notice or hearing." Id. at 3 (emphasis in original). And the court warned the petitioner that if it did "not receive an amended complaint on the court's official form by the end of the day on June 21, 2024, the court

2

[would] dismiss the petition for failure to comply with this court's local rules."
Id. The court mailed a copy of the order, along with a blank copy of the court's
standard §2254 form and a blank copy of the court's form request for leave to
proceed without prepaying the filing fee, to the petitioner at Jackson
Correctional Institution.

The June 21, 2024 deadline has passed and as of the date of this order,
the court has not received from the petitioner the $5 filing fee for a §2254
*habeas* petition, a completed request to proceed without prepaying the filing
fee, or an amended petition on the court's official form. The court "has the
inherent power to manage its docket, which includes the power to dismiss a
case for 'failure to comply with valid orders,' a category of dismissal for failure
to prosecute." See Dorsey v. Varga, 55 F.4th 1094, 1104 (7th Cir. 2022)
(quoting Thomas v. Wardell, 951 F.3d 854, 862 (7th Cir. 2020)); see also Civil
L.R. 41(c) ("Whenever it appears to the Court that the plaintiff is not diligently
prosecuting the action . . . , the Court may enter an order of dismissal with or
without prejudice."). As it told the plaintiff it would do, the court will dismiss
this case for the petitioner's failure to comply with the court's order requiring
that he either pay the $5 filing fee or file a petition and affidavit to proceed
without prepayment, and that he file an amended complaint on the court's
official form. The court will dismiss the case without prejudice, which means
that the plaintiff may re-file it (assuming no statutory or other limitation
periods preclude re-filing).

Even though the petitioner did not pay the filing fee (or ask to proceed
without prepaying it) and did not file an amended petition, he *did* file a motion
to compel discovery on August 12, 2024. Dkt. No. 4. Because the petitioner has
neither paid the filing fee nor filed a *habeas* petition containing sufficient

3

information to allow the court to review it, he is not entitled to any relief from the court on a motion to compel. Even if he had paid the filing fee and filed an amended petition, petitioners in *habeas* proceedings may request discovery only if the "(1) make a colorable claim showing that the underlying facts, if proven, constitute a constitutional violation; and (2) show 'good cause' for the discovery." <u>Hubanks v. Frank</u>, 392 F.3d 926, 933 (7th Cir. 2004) (citing <u>Henderson v. Walls</u>, 296 F.3d 541, 553 (7th Cir. 2002), <u>vacated on other grounds</u>, 537 U.S. 1230 (2003); <u>Harris v. Nelson</u>, 394 U.S. 286, 290-300 (1969)). The court will deny this motion as moot.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** for the plaintiff's failure to comply with the court's order. The clerk will enter judgment accordingly.

The court **ORDERS** that the plaintiff's motion to compel is **DENIED AS MOOT**. Dkt. No. 4.

Dated in Milwaukee, Wisconsin this 21st day of August, 2024.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**

4